# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 13-0966**   (BOR Appeal No. 2048262)
                                    (Claim No. 2001056879)

**CHARLES G. DELBERT,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Consolidation Coal Company, by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charles G. Delbert, by M. Jane Glauser, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a March 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted attorney's fees incurred in the protest of the claims administrator's June 22, 2012, decision. Consolidation Coal Company is appealing the Board of Review's authorization of attorney's fees and costs. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Delbert was injured in the course of his employment on April 25, 2001, when working as a coal miner for Consolidation Coal Company. The claim was held compensable for thoracic sprain and displacement intervertebral disc without myelopathy. On June 22, 2012, the claims administrator denied Mr. Delbert's request for Wellbutrin and found that the medical information forwarded by Mr. Delbert's attorney did not justify the request. Mr. Delbert

1

appealed this decision. The Office of Judges reversed the claims administrator's June 22, 2012, decision and authorized the medication Wellbutrin. Mr. Delbert then requested attorney's fees and costs for the protest of the claims administrator's June 22, 2012, decision, which resulted in a reversal.

The Office of Judges granted Mr. Delbert's petition for attorney's fees and costs arising from the protest of the claims administrator's June 22, 2012, decision that denied authorization for the medication Wellbutrin. The Board of Review affirmed the Order of the Office of Judges. On appeal, Consolidation Coal Company disagrees and asserts that the claims administrator's denial of the requested medication Wellbutrin was not unreasonable based upon the facts and law that existed at the time of the claims administrator's decision. Consolidation Coal Company further argues that the denial complied with West Virginia Code § 23-2C-21(c) (2009) and that Mr. Delbert's evidence did not support the request. Mr. Delbert maintains that the claims administrator unreasonably denied the request for medication because it had all the medical evidence relied on by him and used by the Office of Judges to reverse the claims administrator's decision. Mr. Delbert further maintains that his treating physician, Thomas G. Wack, M.D., found the medication was medically necessary and reasonable for his depression and pain associated with this claim.

The Office of Judges reversed the claims administrator's decision and authorized the medication Wellbutrin. Dr. Wack concluded that Wellbutrin was medically necessary and reasonable for Mr. Delbert's compensable injury. The Office of Judges noted that Mr. Delbert had been receiving Wellbutrin or a similar medication for several years through workers' compensation and the claims administrator would have been aware of this. The Office of Judges also found the claims administrator had Dr. Wack's June 19, 2012, medical statement and his June 19, 2012, request for authorization of medication at the time of its decision. West Virginia Code § 23-2C-21(c) states that if the Office of Judges finds a denial of medical benefits was unreasonable, then reasonable attorney's fees and costs incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant. The Office of Judges concluded that the claims administrator's denial of medication was unreasonable based on the evidence available to the claims administrator at the time of its decision and therefore, Mr. Delbert is entitled to attorney's fees and cost under West Virginia Code § 23-2C-21(c). The Board of Review agreed with the findings and conclusions of the Office of Judges.

This Court agrees with the conclusions of the Board of Review and the findings of the Office of Judges. The claims administrator knew Mr. Delbert had previously been granted Wellbutrin in this claim. The claims administrator had all the medical evidence that the Office of Judges relied on in making its reversal and finding Wellbutrin medically reasonable and necessary. This Court affirms the Order of the Board of Review and holds Mr. Delbert is entitled to attorney's fees and costs incurred in the protest of the claims administrator's June 22, 2012, decision that resulted in a reversal.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II